UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
SABRINA MARIE WADHAMS,                  )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil No. 19-12098-LTS
                                        )
AMERICAN FEDERATION OF                  )
TEACHERS,                               )
                                        )
        Defendant.                      )
_____)

ORDER ON MOTION (DOC. NO. 30)

June 12, 2020

SOROKIN, J.

        In May 2017, Plaintiff Sabrina Marie Wadhams commenced employment with the

Corpus Christi Independent School District ("CCISD") in Corpus Christi, Texas.  Doc. No. 1 ¶ 2.

Wadhams subsequently became a member of the American Federation of Teachers ("AFT").  Id.

¶ 4.  Then, problems ensued at the CCISD school where Wadhams was employed, resulting in

alleged physical and emotional injuries set forth in her Complaint, and Wadhams "secured the

legal representation of AFT."  Id. ¶¶ 19, 31.  On December 8, 2017, according to the Complaint,

Wadhams cancelled her contract for representation by the AFT because she "observed that the

CCISD and the AFT were colluding to resolve her situation quietly and not in her best interest."

Id. ¶ 33.  Apparently, neither Wadhams' employment nor her grievance worked out successfully,

for at some point thereafter she moved to Massachusetts.  Id. ¶ 44.

        Thereafter, Wadhams commenced this suit against the AFT in the District of

Massachusetts, alleging that she sustained injuries that resulted from having to teach in an

allegedly dangerous "secret" class room, which she further alleges gives rise to claims for negligent infliction of emotional distress and breach of contract.  Id. at 7-8.  The AFT answered and initially "admit[ted] that this Court properly exercises personal jurisdiction over [the AFT], that [the AFT] has sufficient minimum contacts with Massachusetts such that the court's exercise of personal jurisdiction does not offend traditional notions of fair play and justice."  Doc. No. 10 at 1-2.

Thereafter, the Court then convened a Rule 16 conference.  Doc. No. 22.  At that conference, the Court inquired about the basis for venue, given that this case concerns Wadhams' employment in Texas with a school district in Texas while she lived in Texas and is brought against a defendant based in Washington, D.C.  Id.  This inquiry resulted in the AFT filing a motion to dismiss or, in the alternative, to transfer to the District for the District of Columbia.  Doc. No. 28 at 2.  Wadhams opposed this motion.  Subsequently, on March 18, 2020, the AFT also sought leave to amend its Answer to Wadhams' Complaint "to object to the Court's exercise of personal jurisdiction over defendant and to this district as a proper venue for this action."  Doc. No. 30 at 1.  To date, Wadhams has neither filed a response nor sought an extension to the now long-past deadline to oppose.

At the outset, the Court ALLOWS the AFT's Motion to Amend both as unopposed and on the merits.  "Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings, and it instructs courts to 'freely give leave' to amend."  Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)).  Here, the AFT's motion bears none of the problematic characteristics that Supreme Court precedent identifies as permissible reasons for a court to deny leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as problematic characteristics).  Moreover, as previously mentioned, Wadhams has not opposed the AFT's Motion to Amend and the time to do so has expired.  Accordingly, the AFT's Answer is amended to include its denial "that this Court properly exercises personal jurisdiction over the Defendant, and [its] deni[al] that the Defendant has sufficient minimum contacts with Massachusetts such that the court's exercise of personal jurisdiction does not offend traditional notions of fair play and justice."  Doc. No. 30-1 at 1-2.  Additionally, AFT's Answer is amended to include its objection to venue in this Court.  Id. at 2.

Next, the Court turns to AFT's motion to dismiss the case or, in the alternative, transfer the matter to the United States District Court for the District of Columbia.  Doc. No. 28.  First, the Court notes that this Court may serve as a proper forum for this lawsuit under the venue statute only if it may exercise personal jurisdiction over the defendant.  28 U.S.C. § 1391(c)(2). None of the other grounds for venue apply to this case.  Cf. 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought where "a substantial part of the events or omissions giving rise to the claim occurred").

The Court does not have personal jurisdiction over the AFT for purposes of the instant suit.  This determination is made by applying the familiar framework set out in Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42 (1st Cir. 2002).  Specific jurisdiction has no application here because "the claim underlying the litigation [does not] directly arise out of, or relate to, the defendant's forum-state activities."  Id. at 60.  General jurisdiction, if it may apply, arises only out of the following activities identified by Wadhams: (1) members of the Massachusetts chapter of the AFT receive "auxiliary benefits" from the national AFT, including

a "credit card bearing the national AFT logo"; and (2) the AFT receives union dues from Massachusetts AFT members.  Doc. No. 23 at 2-4.  These activities, however, are insufficient to support jurisdiction.  As the First Circuit affirmed in Donatelli v. Nat'l Hockey League, "the legal/institutional relationship between an unincorporated association," like the AFT, "and its members [does not] suffice to establish jurisdiction" where (1) the in-forum members merely reimburse the unincorporated association for certain auxiliary benefits and utilize the national association's logo, and (2) the unincorporated association does not substantially influence the in-forum members' decision-making.  893 F.2d 459, 465, 469 (1st Cir. 1990); see also Donatelli v. Nat'l Hockey League, 708 F. Supp. 31, 35 (D.R.I. 1989) (describing such contacts as "insufficient, standing alone, to subject [a national unincorporated association] to . . . general jurisdiction"), rev'd on other grounds, 893 F.2d 459, 468 n.8 (1st Cir. 1990) (affirming the district court's finding that a national unincorporated association, as its own entity, was not subject to general jurisdiction).  Put another way, this lawsuit does not, under First Circuit precedent, present an "exceptional case" in which the AFT's contacts with Massachusetts are "so substantial and of such a nature as to render the [AFT] at home in that State."  BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017) (quoting Daimler AG v. Bauman, 571 U.S. 117, 139 n.19 (2014)).  Accordingly, the District of Massachusetts is not a proper venue for the instant dispute.

Finally, the Court must consider the AFT's motion to transfer this matter to Washington, D.C., pursuant to 28 U.S.C. § 1404(a).  Under the change of venue statute, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "Accordingly, a court must determine first whether the case 'might have been brought' in the suggested transferee district and, if so, whether convenience and the interest of

justice favor transfer." <u>World Energy Alts., LLC v. Settlemyre Indus., Inc.</u>, 671 F. Supp. 2d 215, 217 (D. Mass. 2009).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Astro–Med, Inc. v. Nihon Kohden Am., Inc.</u>, 591 F.3d 1, 12 (1st Cir. 2009) (quoting <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)) (additional quotations and citation omitted).  "[T]he statute's purpose is 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expenses.'" <u>World Energy Alts., LLC</u>, 671 F. Supp. 2d at 217 (quoting <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964)).  "A number of factors have developed to measure the convenience of litigating in a particular court including 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." <u>Kleinerman v. Luxtron Corp.</u>, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (citation omitted).

"There is a 'strong presumption' in favor of the plaintiff's choice of forum, and 'the burden of proof rests with the party seeking to transfer[.]'" <u>Grp.-A Autosports, Inc. v. Billman</u>, No. CIV.A. 14-10884-JGD, 2014 WL 3500468, at *3 (D. Mass. July 9, 2014) (quoting <u>Astro–Med, Inc.</u>, 591 F.3d at 13).   However, where, as here, "the operative facts of the case have no material connection" with the district in which the case has been filed, the "plaintiff's choice of forum carries less weight." <u>United States ex rel. Ondis v. City of Woonsocket, R.I.</u>, 480 F. Supp. 2d 434, 436 (D. Mass. 2007).

Here, the Southern District of Texas, which encompasses Corpus Christi, appears to be the most logical place for this case.  All of the underlying events happened there—Wadhams'

employment, her alleged injuries, and the alleged deficient representation by the Defendant.  To

the extent the parties require evidence or testimony from non-parties, they are located there.  See

Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) ("[T]he

convenience of expected witnesses is probably the most important factor, and the factor most

frequently mentioned.") (internal quotation and citation omitted).  Judicial economy would seem

to be served by transfer of the case to the Southern District of Texas.  Nonetheless, AFT argues

that the Court should transfer this case to Washington, D.C. because that is where "AFT has its

headquarters, officers, staff, and operations."  Doc. No. 28 at 14.

That this case could have been brought in the District for the District of Columbia, Wiley

v. Gerber Prods. Co., 667 F.Supp.2d 171, 172–73 (D. Mass. 2009) ("[V]enue is proper wherever

any defendant resides"), is not necessarily enough to justify transfer, especially given that

"transfer is not appropriate where its effect is merely to shift the inconvenience from one party to

the other."  Kleinerman, 107 F. Supp. 2d at 125.  However, given the balance of the equities, the

Court is considering transfer of this matter to the Southern District of Texas.  See Desmond v.

Nynex Corp., 37 F.3d 1484, 1994 WL 577479, *3 (1st Cir. 1994) ("It is well settled that a court

may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a)").  Accordingly, Wadhams and

the AFT shall each, within 14 days, SHOW CAUSE why this matter should not be transferred to

the Southern District of Texas.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge